UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01505 JVS (RNBx) | Date | May 19, 2015 |
| Title | Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al. | | |

Present: The Honorable  James V. Selna

Karla J. Tunis — Deputy Clerk
Not Present — Court Reporter

Attorneys Present for Plaintiffs: Not Present
Attorneys Present for Defendants: Not Present

**Proceedings:  (IN CHAMBERS)   Order Granting in Part and Denying in Part Defendant's Motion for Rule 11 Sanctions**

Pursuant to Federal Rule of Civil Procedure 11, Defendant Elvin Tabah ("Tabah") moves for sanctions against Plaintiffs Jose Garay, APLC and Jose Garay (collectively, "Plaintiffs"), as well as their counsel of record William Caldwell and Tamar Arminak (collectively, "Plaintiffs' counsel"). (Mot. Sanctions, Docket ("Dkt.") No. 43.) Plaintiffs oppose (Opp'n Mot. Sanctions, Dkt. No. 50), and Tabah has replied. (Reply Supp. Mot. Sanctions, Dkt. No. 58.)

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Tabah's Motion.

I.   **Background**

The facts, circumstances, and allegations in this matter are familiar to the parties and the Court. The claims in this action arose from Tabah's employment by Plaintiffs and Tabah's alleged theft of confidential information during and after his employment. (See generally FAC ¶¶ 19–21, 32–33, 48, Dkt. No. 16.)

In February 2014, Tabah sued Plaintiffs in Orange County Superior Court for various discrimination and harassment claims, Tabah v. Garay, Case No. 30-2014-00705428-CU-WT-CJC ("state action"). (Mot. Dismiss, Ex. A, Dkt. No. 21-1.) Plaintiffs brought a cross-complaint, the state equivalent of counterclaims, against Tabah in that action, but later dismissed them. (Id. at Ex. B, Dkt. No. 21-1.) Plaintiffs then brought the present action in this Court, first alleging false designation under the Lanham Act and fifteen state law claims. (Compl., Dkt. No. 1.) On November 17, 2014,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-01505 JVS (RNBx) | Date | May 19, 2015 |
|---|---|---|---|

| Title | Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al. |
|---|---|

Plaintiffs filed a First Amended Complaint ("FAC"), alleging fifteen state law claims, copyright infringement under 17 U.S.C. § 501, and violations of the Computer Fraud and Abuse Act ("CFAA") under 18 U.S.C. § 1030. (FAC, Dkt. No. 16.) Approximately a month later, Plaintiffs filed a Second Amended Complaint ("SAC") without leave of the Court or consent by Tabah. (SAC, Dkt. No. 17), and the Court struck the SAC because of that defect. (Dkt. No. 18.) Pursuant to Tabah's motion to dismiss the FAC (Mot. Dismiss, Dkt. No. 21), the Court dismissed all of Plaintiffs' claims except their CFAA claim to the extent that it alleged a violation after Tabah's employment. (Order re Mot. Dismiss 11, Dkt. No. 45-1.) Pursuant to the Court's *sua sponte* Order to Show Cause (OSC, Dkt. No. 46), the Court dismissed this remaining CFAA claim because under California Code of Civil Procedure § 426.30, it was a compulsory cross-complaint that had to be alleged in the state action. (Order re OSC 2–3, Dkt. No. 61.) However, the Court retained jurisdiction to decide on Tabah's instant Motion for Rule 11 Sanctions. (Id.)

II. **Legal Standard**

Federal Rule of Civil Procedure 11(c)(2) ("Rule 11"), the "safe harbor rule," requires a party requesting sanctions under Rule 11 to wait 21 days between serving the opposing party and filing the motion with the Court. This allows the offending party an opportunity to correct any error.

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994) (citing Fed. R. Civ. P. 11; Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). "[T]he subjective intent of the pleader or movant to file a meritorious document is" not relevant. Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986), overruled on other grounds by Cooter, 496 U.S. at 400. Instead, the Court must ask whether the "signed document is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Zaldivar, 780 F.2d at 830. An action is not warranted where no "plausible, good faith argument can be made by a competent attorney in support of the proposition asserted." Paciulan v. George, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing Zaldivar, 780 F.2d. at 829, 833).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-01505 JVS (RNBx)   Date  May 19, 2015

Title  Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al.

    Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cnty. of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997).  The cases warranting imposition of sanctions are "rare and exceptional."  Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988).  Finally, sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Rule 11 sanctions may include an award for "reasonable attorney's fees and other expenses directly resulting from the violation."  Id.

### III.  Discussion

    Tabah moves for sanctions based on Plaintiffs' FAC (Mot. Sanctions 3:28–4:5), which was the operative complaint in this action until the Court dismissed the remaining CFAA claim.  (Order re OSC 2–3.)

    Because the FAC is the "primary focus" of Tabah's Motion, the Court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it."  Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted).
Because "the mere existence of one non-frivolous claim in a complaint does not immunize it from Rule 11 sanctions," Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005), the Court separately analyzes each type of claim asserted in the FAC.[1]

    A.    Copyright Infringement Claim

    1.    **Safe Harbor Protection**

    Plaintiffs alleged that Tabah violated their copyrighted website.  (FAC ¶¶ 36–41.)

---

[1] To the extent that Tabah seeks sanctions for Plaintiffs' original Complaint, or more specifically for the Lanham Act claim asserted in the Complaint, Tabah first raises those arguments in his Reply Brief.  Because "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers," United States ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000), the Court does not consider Tabah's arguments regarding sanctions for Plaintiffs' filing of the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-01505 JVS (RNBx) | Date | May 19, 2015 |
|---|---|---|---|

| Title | Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al. |
|---|---|

Although a copyright infringement claim cannot be alleged until the copyright has been preregistered or registered, 17 U.S.C. § 4119(a), Plaintiffs did not allege registration of a copyright for their website in their FAC. Moreover, they admitted in their opposition brief to Tabah's motion to dismiss that they had not registered the copyright until a month after filing the FAC. (Opp'n Mot. Dismiss 12:24–13:15, Dkt. No. 26.)

However, at oral argument, Plaintiffs demonstrated that they withdrew this legally and factually baseless claim within the 21-day safe harbor period. See Fed. R. Civ. P. 11(c)(2). On February 23, 2015, the parties filed a First Joint Status and Rule 26(f) Report in which Tabah indicated that he intended to make a motion for Rule 11 sanctions. (Joint Status Report 5:13–15, Dkt. No. 20.) On March 3, 2013, Tabah filed a motion to dismiss the FAC and requested sanctions. (Mot. Dismiss 21:5–7.) Plaintiffs' counsel contacted Tabah's counsel on March 6, 2015 and indicated that "[a]t this juncture, we are willing to drop the copyright infringement claim . . . in a second amended complaint." (Caldwell Decl. Supp. Opp'n Mot. Dismiss, Ex. 1, Dkt. No. 27.) Using either the February 23 report or the March 3 motion as the trigger to initiate the safe harbor period, Plaintiffs' offer to withdraw the copyright infringement claim falls within the 21 day period. Plaintiffs also confirmed their willingness to withdraw the copyright infringement claim when, on March 23, 2015, they requested leave to dismiss the claim in their opposition to the motion to dismiss. (See Opp'n Mot. Dismiss 13:14–15.) Therefore, the safe harbor provision shields Plaintiffs from sanctions for its copyright infringement claim. No adequate basis or reasonable inquiry analyses are necessary.

    B.    <u>CFAA Claims</u>[2]

        1.    **Adequate Legal or Factual Basis**

There are three sets of CFAA claims alleged by Plaintiffs that could warrant Rule 11 sanctions, including: (1) a CFAA violation premised on 18 U.S.C. § 1030(a)(5)(A); (2) a CFAA violation during Tabah's employment, premised on 18 U.S.C.

---

[2] The Court considers the safe harbor rule under Rule 11(c)(2) as satisfied with regards to the CFAA claims and the fifteen state law claims. Although Tabah filed the instant Motion on the same day the Court granted in part and denied in part his motion to dismiss the FAC, Tabah requested sanctions in that motion and notified Plaintiffs of his intent to move for Rule 11 sanctions in the First Joint Status and Rule 26(f) Report. (See Mot. Dismiss 21:5–7; Joint Status Report 5:13–15 .) Moreover, Plaintiffs have not asserted that Tabah failed to satisfy the safe harbor rule with regards to these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-01505 JVS (RNBx) | Date | May 19, 2015 |
|---|---|---|---|

| Title | Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al. |
|---|---|

§§ 1030(a)(2)(C), 1030(a)(4); and (3) a CFAA violation after Tabah's employment, premised on 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4). Plaintiffs did not clearly specify in the FAC that they were alleging CFAA claims under these subsections, but did so for the first time in their opposition to Tabah's motion to dismiss. (Opp'n Mot. Dismiss 15:21–24.)

The Court dismissed the first set of CFAA claims because the FAC failed to allege a clear prerequisite for a § 1030(a)(5)(A) claim; namely, that Tabah's alleged actions caused "damage," or "any impairment to the integrity or availability of data, a program, a system, or information," to a protected computer. (See Order re Mot. Dismiss 6); 18 U.S.C. §§ 1030(a)(5)(A), 1030(e)(8). Moreover, a published Northern District of California case dismissed a CFAA claim for the same reason. See NetApp, Inc. v. Nimble Storage, Inc., 41 F. Supp. 3d 816, 834 (N.D. Cal. 2014). The failure to make an allegation regarding an element that is clearly required by statute demonstrates an inadequate legal basis for a § 1030(a)(5)(A) claim.

The Court also dismissed the second set of CFAA claims, which alleged that Tabah violated the CFAA because he accessed Plaintiffs' database for an improper purpose during his employment. (Order re Mot. Dismiss 7–8; FAC ¶¶ 43, 46.) However, the Court held that Ninth Circuit precedent precluded this claim because two cases made clear that a person cannot violate the CFAA by using his authorized access to a computer for an improper purpose. (Order re Mot. Dismiss 7–8; see also United States v. Nosal, 676 F.3d 854, 863 (9th Cir. 2012) (en banc); LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1135 (9th Cir. 2009). In light of this clear precedent, Plaintiffs' CFAA claim on this basis was legally inadequate.

Plaintiffs' third set of CFAA claims were the only claims the Court did not dismiss pursuant to Tabah's motion to dismiss. (Order re Mot. Dismiss 8–9.) However, subsequent to issuing that order, the Court *sua sponte* raised the issue of whether the remaining CFAA claim should be dismissed because it was a compulsory cross-complaint pursuant to California Code of Civil Procedure § 426.30. (OSC.) After providing both parties an opportunity to submit briefs on the issue, the Court dismissed the CFAA claim because it arose out of the same transaction or occurrence as the related state action. (Order re OSC 2–3.) Although the Court eventually dismissed this remaining CFAA claim, there is a difference between the claim having no legal or factual basis and the claim being procedurally defective. This claim clearly falls into the latter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01505 JVS (RNBx) | Date | May 19, 2015 |
| Title | Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al. | | |

category. While the assertion of the third set of claims was erroneous, the Court finds this conduct less culpable, and insufficient to award sanctions.

Therefore, the Court proceeds to the reasonable inquiry analysis only with regards to the first and second sets of CFAA claims.

    2.    **Reasonable Inquiry**

"The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." Holgate, 425 F.3d at 677 (citation omitted). As to the first set of CFAA claims, Plaintiffs may argue, as they did in their opposition to Tabah's motion to dismiss, that they were going to allege in the SAC that Tabah's alleged actions caused $12,000 in damage to their computers. (See Opp'n Mot. Dismiss 21:18–25.) However, this only further demonstrates Plaintiffs' failure to make a reasonable inquiry *before* filing the FAC. Plaintiffs cannot avoid sanctions because they possibly made a reasonable inquiry after filing the FAC, particularly when they have not sought leave from the Court to file the SAC.

As to the second set of CFAA claims, a cursory legal inquiry as to how the Ninth Circuit has interpreted two key terms in the CFAA—specifically "without authorization" and "exceeds authorized access"—would have revealed that these allegations lacked any legal basis. (See Order re Mot. Dismiss 7–8.) Both Ninth Circuit cases upon which the Court relied in dismissing these claims were published and filed at the latest two years prior to Plaintiffs' filing of their FAC.

Without a legal basis or reasonable inquiry as to the first and second sets of CFAA claims, the Court concludes that sanctions are warranted. However, sanctions are not warranted with regards to the third set of CFAA claims.

    C.    State Claims

    1.    **Adequate Legal or Factual Basis**

The Court held that it could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the fifteen state law claims in the FAC. (Id. at 9.) However, pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-01505 JVS (RNBx)                              Date   May 19, 2015

Title    Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al.

to its discretion under 28 U.S.C. § 1367(c)(2), the Court declined to exercise supplemental jurisdiction because the state claims predominated over the remaining CFAA claim.  (Id. at 9–10.)  The Court did not reach any conclusions as to the adequacy of the legal or factual basis for any of the state claims.  Instead, it dismissed those claims without prejudice while exercising its discretionary authority.  (Id. at 10–11.)  Thus, the Court will not engage in an analysis of the adequacy of the state claims.  That is for the state courts to decide if Plaintiffs reallege those claims in the state action.

Additionally, Tabah argues that the fifteen state claims constitute harassment because eleven of the fifteen claims were also alleged in the Plaintiffs' withdrawn cross-complaint in the state action.  (Reply Supp. Mot. Sanctions 9; see also Order re Mot. Dismiss 10.)  However, the test for harassment requires "a clear indication that the proposition urged in the repeat claim was resolved in the earlier one."  Zaldivar, 780 F.2d at 834.  Plaintiffs' withdrawal of its cross-complaint does not meet this requirement.  Simply because Plaintiffs sought to resolve their claims in federal court does not mean those same claims were "resolved" in state court.

Because the Court will not analyze the adequacy of the state claims and Plaintiffs' filing of the state claims did not constitute harassment, sanctions are not warranted for the state claims.  Thus, no reasonable inquiry analysis is required.

       D.      Monetary Sanctions

Pursuant to Rule 11(c)(4), the Court may award monetary or nonmonetary sanctions. Fed. R. Civ. P. 11(c)(4).  If the Court is to award Tabah sanctions, then Plaintiffs request that the Court award only nonmonetary sanctions.  (Opp'n Mot. Sanctions 16–18.)  Given that the Court has dismissed all the claims in this case and only retains jurisdiction to decide on the instant Motion (Order re Mot. Dismiss 11; Order re OSC 3), it is unclear what nonmonetary sanctions would be sufficient to "deter repetition of the [Plaintiffs'] conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Thus, the Court concludes that monetary sanctions are necessary to carry out the purpose of Rule 11.

The Court is willing to award monetary sanctions in the form of attorney's fees for the time Tabah spent to obtain dismissal of the first and second sets of CFAA claims, including the time spent beyond the instant Motion. Tabah's counsel requests $33,000 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01505 JVS (RNBx) | Date | May 19, 2015 |
| Title | Jose Garay APLC, et al. V. Elvin Mathias Tabah, Esq., et al. | | |

addition to a "to be determined" amount for approximately forty-seven hours he spent on this Motion at a rate of $600 per hour. (Diggs Decl. ¶ 14, Dkt. No. 43.) The Court requires additional documentation of Tabah's fees. More specifically, Tabah must provide further documentation supporting the reasonableness of his counsel's $600 hourly rate. Tabah also must provide a reasonable allocation of the time spent between sanctionable and non-sanctionable claims. In support of his claims, Tabah shall file redacted timesheets within ten (10) days of this Order. Tabah may file the timesheets under seal. Within ten (10) days of Tabah's submission, Plaintiffs may file a response.

## IV. Conclusion

For the foregoing reasons, the Court concludes that monetary Rule 11 sanctions are warranted for the Plaintiffs' first and second sets of CFAA claims alleged in the FAC, but they are not warranted for the third set of CFAA claims, the copyright infringement claim, or the fifteen state law claims. The Court thus **GRANTS IN PART** and **DENIES IN PART** Tabah's Motion for sanctions against Plaintiffs and Plaintiffs' counsel.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |